**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

INTEGON NATIONAL INSURANCE COMPANY,

      Plaintiff,

v.

52 SOLUTIONS LLC and
JAMES BERNS, an individual,

      Defendants.

Case No.
Hon.

_____

ADAM K. GORDON (P45106)
SAMANTHA N. BOYD (P80064)
VANDEVEER GARZIA, P.C.
Attorney for Plaintiff
840 W. Long Lake Road
Suite 600
Troy, MI 48098
248-312-2800/248-879-0042 (fax)
adamgordon@vgpclaw.com
sboyd@vgpclaw.com

_____

There is another civil action between the parties arising out of the same transaction or occurrence as alleged in the complaint pending in this court, having been filed in the United States District Court, Eastern District of Michigan, Southern Division, assigned to Judge Terrence G. Berg and given the docket number 2:19-cv-13172-TGB-EAS.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, INTEGON NATIONAL INSURANCE COMPANY, by and through its attorneys, VANDEVEER GARZIA, P.C., by ADAM K.

GORDON, and for its Complaint for Declaratory Judgement against the above named Defendants, pursuant to the provision of U.S.C. 28 § 1332, based upon the fact the parties to this action are diverse as it relates to citizenship and the amount in controversy in the underlying action exceeds Seventy Five Thousand ($75,000.00) Dollars, states as follows:

### I. PARTIES, JURISDICATION AND VENUE

1. Plaintiff, Integon National Insurance Company ("Integon"), is a North Carolina Corporation, licensed to conduct business in Michigan, with its principal place of business located in the city of Winston-Salem, State of North Carolina.

2. Based upon information and belief, 52 Solutions, LLC was at the time of the commencement of this action and at all times prior and subsequent thereto, a corporation duly created and organized by and under the laws of the State of Florida, and by virtue of said incorporation was and is a resident of the State of Florida.

3. Based upon information and belief, James Berns is an individual over the age of eighteen years and is believed to be a resident and citizen of the State of Michigan.

4. Pursuant to the provisions in the United States Code, the United States District Court has original jurisdiction over all civil actions wherein the matter in controversy exceeds the sum or value of Seventy

Five Thousand ($75,000.00) Dollars exclusive of interests and costs and is between citizens of different states pursuant to 28 U.S.C § 1332.

5. In this matter, the parties to this action are diverse pursuant to 28 U.S.C § 1332, in that Integon, the Plaintiff herein, is a North Carolina corporation, and was at the time of the commencement of this action and at all times subsequent thereto, a corporation created and organized under the laws of North Carolina, and was and is a resident of the State of North Carolina, and was not and is not a corporation created or organized under the laws of the State of Michigan, and was not and has never been a resident or citizen of the State of Michigan.

6. That Integon is diverse as to all of the Defendants in this case thereby satisfying the diversity requirement of citizenship as set forth in 28 U.S.C § 1332.

7. That the amount in controversy in this action is in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs, in that the damages claimed in the underlying litigated matter giving rise to the need for this Declaratory Judgment action, as pled in the Complaint filed by or on behalf of 52 Solutions, LLC are in excess of One Million Seven Hundred Sixty Five Thousand Three Hundred Sixty Eight Dollars and Eighty Cents ($1,765,368.80).

8. Based upon the fact that diversity of citizenship exists and the

amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interests and costs, jurisdiction is appropriate in the United States District Court pursuant to the provision of 28 U.S.C § 1332.

## II. **GENERAL ALLEGATIONS**

9. That Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 8 of this Complaint as those fully set forth herein word for word.

10. That, based upon information and belief, on or about October 12, 2018, it has been alleged that James Berns was operating a vessel in transit from St. Clair Shores, Michigan to Florida in consideration for a fee and other valuable consideration paid (or to be paid) by JBYS when the vessel allegedly grounded and/or struck a submerged object resulting in damage to a vessel identified as an Absolute 52 Fly, Serial Number IT-ABSBB620B818/US-AOABB620B818 constructed in Emilia Romagna, Italy for Absolute of Americas, Inc.

11. That on or about October 12, 2018, James Berns had a homeowner's insurance policy issued by Integon National Insurance Company for the policy period March 15, 2017 through March 15, 2018, bearing Policy No. 2004787193 and attached hereto as Exhibit A.

12. That on or about October 28, 2019, 52 Solutions, LLC filed a Complaint against multiple Defendants including James Berns pursuant to

various theories of liability including breach of bailment, negligent operation of vessel, violation of the Michigan Consumers Protection Act, intentional misrepresentation/fraudulent inducement, negligent misrepresentation, negligently providing information for the guidance of others, negligence, breach of contract, breach of UCC Express Warranty, breach of UCC and Magnuson-Moss Expressed Written Warranty, breach of UCC and Magnuson-Moss Implied Warranty of Merchantability and Usage of Trade, breach of UCC and Magnuson-Moss Implied Warranty of Fitness for Particular Purpose and false and/or misleading advertising.

13. On or about December 4, 2019, James Berns submitted the Complaint for damages under theories of liability previously stated herein to Integon for defense and indemnification.

14. That Integon issued a residential homeowner's insurance policy for the residence of James Berns located in the city of Sterling Heights and State of Michigan.

### III. DECLARATORY RELIEF

15. That Plaintiff incorporates by reference paragraphs 1 through 14 as those set forth herein word for word.

16. That the property damage coverages relevant to the policy of insurance at issue are not applicable due to exclusions including but not limited to losses caused directly or indirectly by neglect.

5

17. That property damage coverages are further excluded due to the fact James Berns did not have an insurable interest in the vessel under his operation and control at the time of the loss at issue.

18. That property damage coverages are excluded due to the fact James Berns failed to provide prompt notice to Integon after the claimed loss.

19. That property damage coverages are not applicable due to the fact, in the context of the underlying claim, it is alleged James Berns engaged in fraudulent conduct and/or intentionally concealed or misrepresented material facts or circumstances including (but not necessarily limited to) an alteration of electronic chart data identifying the location of the vessel at issue at the time of the incident as alleged in the underlying Complaint.

20. That the policy of insurance at issue does not afford coverage for personal liability due to specific exclusions for watercraft liability due to the fact the watercraft was being used for a "business" purpose:

A. "Watercraft liability"

1. Coverages E and F do not apply to any "watercraft liability" if, at the time of an "occurrence", the involved watercraft is being:

    …

    d. used for "business" purpose.

    3. "Business" means:

        a. A trade, profession or occupation engaged in on a full time, part time or an occasional basis (emphasized added).

Furthermore, the homeowners insurance policy at issue excludes the liability coverage for professional services as follows:

1. Professional services
"bodily injury" or "property damage" arising out of the rendering of or failure to render professional services". In addition to the aforementioned, liability coverages are excluded for damages for liability:

        b. Under any contract or agreement entered into by a "insured".

21. Insurance policies are contracts to which well settled principles of construction apply. *McKusick v Travelers Indemnity Co.*, 246 Mich App 329, 332 (2001).

22. As a contract, an insurance policy must be read as a whole to discern and effectuate the parties' intent. *Id.*

23. Where an insurance policy's terms are not ambiguous, a Court may not create an ambiguity where none otherwise exist. *Farm Bureau Mutual Insurance Co. v Nikkel*, 460 Mich 558, 568 (1999).

24. Clear and specific exclusion from coverage must be given effect less an insurance company become liable for risks it did not assume. *McGuirk v Meridian Mutual Insurance Co.*, 220 Mich App 347,

353 (1996).

25. Exclusions limit the scope of coverage provided and are to be read with the insuring agreement in independently of every other exclusion. *State Farm Mutual Automobile Insurance Co. v Roe* (on rehearing), 226 Mich App 258, 263 (1997).

26. Coverage under an insurance policy is lost of any exclusion in the policy applies to a particular claim. *Sentry Surety Co. v Charron*, 230 Mich App 79, 83 (1998).

27. Based upon the definitions, insuring provisions and exclusions as set forth in the homeowner insurance policy at issue, Integon seeks a declaration of its right to deny defense or indemnity of James Berns as a result of the incident allegedly occurring on or about October 12, 2018 resulting in damage to a 52 foot vessel under the operation and control of James Berns on the Hudson River in New York while in route from St. Clair Shores, Michigan to Florida.

WHEREFORE, INTEGON NATIONAL INSURANCE COMPANY, respectfully requests this Honorable Court enter a declaratory judgement stating:

    a. That Integon National Insurance Company Policy No. 200478713 issued to Defendant James Berns does not provide any insurance coverage for the incident allegedly occurring on or about October 12, 2018 as set forth in greater detail herein.

8

b. That Integon National Insurance Company has no duty to indemnify or pay any damages imposed by way of settlement and/or judgment against James Berns arising out of the incident allegedly occurring on or about October 12, 2018 as set forth in greater detail herein.

c. That Integon National Insurance Company has no duty to defend James Berns, or to reimburse him for defense costs, interests, attorney fees or any other costs in connection with any law suit arising out of an incident allegedly occurring on or about October 12, 2018 as set forth in greater detail herein.

d. That Integon National Insurance Company is entitled to all further relief that is just and proper.

Respectfully submitted,

VANDEVEER GARZIA, P.C.


By: /s/ Adam K. Gordon
ADAM K. GORDON (P45106)
SAMANTHA N. BOYD (P80064)
VANDEVEER GARZIA, P.C.
Attorney for Plaintiff
840 W. Long Lake Rd., Ste. 600
Troy, MI  48098-6340
(248) 312-2800

Dated:  March 12, 2020

**PROOF OF SERVICE**

The undersigned certifies that a copy of the above document was served on the attorneys of record for all parties in this matter by:

\_\_\_\_\_   Hand delivery
\_\_\_\_\_   Facsimile transmission
\_\_\_\_\_   Electronic mail
\_\_\_\_\_   Mailing, by first-class mail with postage fully prepaid
\_\_\_\_\_   Overnight delivery
\_\_\_\_\_   Court's e-File system

to them at their respective business addresses, as disclosed by the pleadings of record, on _____.

I declare that the statement above is true to the best of my information, knowledge and belief.

_____
**TRACY A. ADAIR**

V:\AKG\Berns, James (opinion only)\Pleadings\Declaratory Judgment\Pl's Complaint for Declaratory Relief.doc

VANDEVEER GARZIA P.C.